JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Westminster American Insurance Company

**(b)** County of Residence of First Listed Plaintiff   Baltimore County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
William T. Salzer, Esquire, Swartz Campbell LLC
2 Liberty Place, 28th Fl., Phila., PA 19102

## DEFENDANTS
Spruce 1530, LLC; Touraine, L.P.; Al Shapiro and Ernest V. Miller, Sr.

County of Residence of First Listed Defendant   Montgomery County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question *(U.S. Government Not a Party)*
☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  |  | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  |  | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** |  | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise |  |  | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
|  |  |  |  | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
|  |  |  |  |  | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation |  | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property |  | **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332, 28 U.S.C. § 2201
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  11/13/17
SIGNATURE OF ATTORNEY OF RECORD
William T. S[...]

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Westminster American Insurance Company | : | CIVIL ACTION |
| v. | : | |
| Spruce 1530, LLC; Touraine, L.P.; Al Shapiro and Ernest V. Miller, Sr. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| | | |
|---|---|---|
| 11/13/17 | William T. Salzer | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-299-4346 | 215-299-4301 | wsalzer@swartzcampbell.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __8890 McDonough Road, Suite 310, Owings Mills, Maryland 21117__

Address of Defendant: __909 Centennial Road, Narberth, Pennsylvania 19072__

Place of Accident, Incident or Transaction: __1520-32 Spruce Street, Philadelphia, PA__
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐    No☒

Does this case involve multidistrict litigation possibilities?    Yes☐    No☒

*RELATED CASE, IF ANY:*
Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐    No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☐    No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes☐    No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐    No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, __William T. Salzer__, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: __11/13/17__    __William T. Salzer__    __42657__
                      Attorney-at-Law                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __11-13-17__    William T. Salzer    __42657__
                      Attorney-at-Law       Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**SWARTZ CAMPBELL LLC**
BY:   William T. Salzer, Esquire          Attorneys for Plaintiff
      Identification No. 42657
Two Liberty Place - 28th Floor
50 South 16th Street
Philadelphia, PA 19102
(215) 564-5190
wsalzer@swartzcampbell.com

| | |
|---|---|
| WESTMINSTER AMERICAN INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> SPRUCE 1530, LLC, TOURAINE, L.P., AL SHAPIRO AND ERNEST V. MILLER, SR., <br><br> Defendants. | CIVIL ACTION <br><br> NO. |

**DECLARATORY JUDGMENT COMPLAINT**

Westminster American Insurance Company, by and through its undersigned counsel, and pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, *et seq.* institutes this action for declaratory judgment. In support of this civil action, Westminster avers, as follows:

**I.     PARTIES**

1.    Plaintiff, Westminster American Insurance Company ("Westminster") is incorporated in the State of Maryland with a principal place of business located at 8890 McDonough Road, Suite 310, Owings Mills, Maryland 21117.

1

2.  Defendant, Spruce 1530, LLC ("Spruce 1530") is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 909 Centennial Road, Narberth, Pennsylvania 19072.

3.  Defendant Al Shapiro ("Shapiro") is an individual who, upon information and belief, is a resident of the Commonwealth of Pennsylvania and who maintains a business address at 909 Centennial Road, Narberth, Pennsylvania 19072.

4.  Defendant, Ernest B. Miller, Sr. ("Miller") is, upon information and belief, an individual residing at 1530 Spruce Street, Unit #120, and Philadelphia, Pennsylvania 19102.

## II.  JURISDICTION AND VENUE

5.  This action is brought under the Declaratory Judgments Act, 28 U.S.C. § 2201.

6.  This court has jurisdiction over the Plaintiff's claim pursuant to diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy is over $75,000.00 and the lawsuit involves citizens of different states.

7.  Venue in this court is appropriate pursuant to 28 U.S.C. § 1391 as the policy of insurance which is the subject matter of this lawsuit was issued to the policyholder Defendant Spruce 1530, LLC in Montgomery County, Pennsylvania and the underlying litigation to which the declaratory judgment action relates is pending in Philadelphia County, Pennsylvania.

## III.  UNDERLYING CIVIL ACTION

8.  The Westminster policyholder, Spruce 1530, LLC is a defendant in a civil action brought by Touraine, L.P. in the Court of Common Pleas of Philadelphia County, Docket No.

170603522. A true and correct copy of the Complaint filed by Touraine, L.P. against Spruce 1530, LLC and others is attached hereto as Exhibit "A" ("the Underlying Complaint").

9. The Touraine, L.P. is the owner of a building located at 1520-28 Spruce Street in Philadelphia which is immediately adjacent to a building owned by Spruce 1530 called the Newport Building. Touraine Complaint, ¶¶ 1-2.

10. As described in the Complaint in the Underlying Action, Touraine alleges that on May 11, 2016, Spruce 1530, LLC, Shapiro and Miller (collectively "the Spruce 1530 Defendants") and a contractor hired by Spruce 1530, Up Rising Contractors, LLC, performed unauthorized demolition and alternations to a part of a one-story roof situated on the Touraine and removed flashing materials installed by the Touraine on windows overlooking the Touraine roof. It is further alleged that Spruce 1530 has refused to remove building elements of the Newport which encroach onto the Touraine property.

11. The Touraine and Spruce 1530 were parties to prior litigation over a property line dispute (referred to herein as "Touraine I") which led to the issuance of a December 14, 2016 court order in which the Honorable Gene D. Cohen of the Court of Common Pleas of Philadelphia County held and declared that the property line separating the Touraine from the Newport bisected the eastern wall of the Newport building and ran in a north/south direction parallel to 16th Street and perpendicular to Spruce Street. Complaint, ¶¶ 22-24. A true and correct copy of said Order is attached as Exhibit "B".

12. The Touraine has alleged that the court's ruling declared that the property line is as set forth in a survey prepared on November 3, 2015 by Mazer Consulting, P.A. Complaint ¶¶ 22-26. The Touraine avers that by reason of the court's Order, all

3

improvements located to the east of the property line are situated on the Touraine's property. Id. at ¶26.

13. The Touraine alleges that in the Spring of 2015, it replaced a roof which abuts the overlooking west wall of the Newport. including a section below exterior facing windows situated on the east face of the Newport ("the Property Line Windows"). Complaint, ¶¶ 30-32.

14. Touraine avers that because of the positioning of the Property Line Windows so close to the roof, it was necessary to install flashing which covered part of the windows. It alleges that it had contacted Spruce 1530 and had offered to relocate the Property Line Windows at its expenses to slightly above their existing location to allow for space to install the flashing. Complaint, ¶ 38. Touraine alleged that Spruce 1530, through its managing member, Shapiro, refused. The Touraine alleges that it told Shapiro that the Touraine would have to cover up and seal the windows as part of the roof repairs. Complaint, ¶40.

15. Touraine avers that it secured a permit to perform the roof repair work and posted the permit. It further alleges that Spruce 1530 did not challenge the roof repair permit. Id. at ¶53.

16. Touraine alleges that the Spruce 1530 Defendants, on May 11, 2016, after the roof work was completed, "orchestrated an intentional trespass onto the recently replaced Touraine roof and demolished part of its contractor's work including cutting holes through the waterproofing and flashing material that had been installed in front of the Property Line Windows." Id. at ¶57.

17. Touraine avers that it demanded that the Spruce 1530 Defendants cease and desist the unlawful trespass and vandalism but that these requests were ignored. Id. at ¶59.

4

18. The Touraine avers that this caused a destruction of the fully integrated and waterproofed roofing system that had been installed on the Touraine roof and exposed part of the building to an immediate risk of water intrusion. Id. at ¶63.

19. Touraine avers that it then made emergency repairs to install a temporary moisture barrier.

20. Touraine avers that because of the trespass, it had incurred additional expenses to install a metal fence and signage to deter the Spruce 1530 Defendants from further acts of trespass and vandalism. Id. at ¶66.

21. Touraine alleges that after the issuance of the court order which declared the location of the property boundary, the Mazur consultant performed an additional survey in May 2017 which included scribing the property line on the walls and floors of the eastern section of the ground floor of the Newport. Id. at ¶69.

22. Following the completion of that survey, Mazur determined that the building elements of the Newport encroach onto the Touraine property. It is alleged that these encroachments constitute a trespass. Id. at ¶70. These areas of encroachment include a section of interior bathrooms in Apartment 124; an interior stair tower; exterior skylights above Apartment 124; an exterior fire escape assembly affixed to the eastern wall of the Newport; a down spout and storm drain; and a portion of the Newport basement. Id. at ¶71.

23. Plaintiff avers that Spruce 1530 has intentionally trespassed on the Touraine property by reason of the encroachments. Id. at ¶73.

24. In Count I of the Underlying Complaint, the Touraine avers a claim of trespass based on the destruction of part of the Touraine roof for which the Touraine seeks recovery of

compensatory, consequential, incidental and punitive damages. It is alleged that Shapiro and the contractor directed the contractor's employee, Cunningham, and Spruce 1530's employee, Miller, to go on the Touraine's roof, cuts holes in the metal siding and vandalize the property. Id. at ¶79. The Touraine alleges that the Spruce 1530 Defendants did not have permission to enter the property or to commit the damage. Id. at ¶80. It is alleged that Cunningham knew or should have known that they did not have permission to enter the Touraine property. Id. at ¶83.

25. The Touraine avers that that it has sustained damages by reason of these actions including the cost to repair the siding and flashing installed by its contractor, the loss of value of a roof warranty supplied by the contractor, and the cost to secure the property from further acts of trespass and vandalism. Id. at ¶85.

26. With respect to each of the Newport building encroachments, the Touraine has averred that it had previously demanded that Spruce 1530 cease all forms of trespass onto its property and that Spruce 1530 has refused to comply. Id. at ¶ 92.

27. The Touraine avers that the trespass has conferred onto Spruce 1530 an economic benefit for which it has not compensated the Touraine. Id. at ¶90.

28. The Touraine avers that it is unable to make full use of its property by reason of the encroachments. Id. at ¶93.

29. Touraine also avers that it has incurred the cost of engaging professionals to identify the encroachments, to seek legal relief, to eject Spruce 1530 from the Touraine property and to enjoin Spruce 1530 from misappropriating sections of the Touraine property which are the subject of the encroachments. Id.

Touraine. Alternative, the Spruce 1530 Defendants have averred that the identified encroachments are on property owned by Spruce 1530 under the doctrines of adverse possession or boundary by consent.

35. In Touraine I, Spruce 1530 instituted an action to quiet title with respect to respect to two alcoves which were the result of construction in October 1987 that gave the Newport access to certain interior areas previously situated in the Touraine. Complaint, Spruce 1530 LLC v. Touraine, LP, Exhibit "C".

36. Touraine averred in its Counterclaim in Touraine I, a cause of action to Quiet Title and a request for issuance of a permanent injunction with respect to the disputed areas; a claim of trespass and a negligence claim. As to the latter, the Touraine averred that Spruce 1530 had a duty to prevent an encroachment and was negligent in allowing construction in the alcoves to protrude over the property line. Touraine also alleged that Newport 1530 was negligent by failing to install a code compliant fire wall in the area of the alcove construction, thereby creating a safety hazard.

### IV. The Westminster American Insurance Policy

37. Westminster American Insurance Company ("Westminster") issued Policy No. BOP 5910031032 to ELS Associates covering the period February 15, 2016 through February 15, 2017. Spruce 1530, LLC is s a Named Insured. A true and correct copy of the Westminster Declarations and pertinent policy forms are attached as Exhibit "D". Westminster insured Spruce 1530 LLC for the prior policy term February 15, 2015-February 15, 2016.

38.     Coverage under the Westminster Policy was conferred under Businessowners Special Policy Form AAIS BP 0200 01 04. A true and correct copy of the operative Businessowners Special Policy Form is attached as Exhibit "E".

39.     The Westminster Policy confers Commercial General Liability coverage under Coverage L which states, in pertinent part, as follows:

> a.  We pay all sums which an insured becomes legally obligated to pay as "damages" due to "property damage" to which this insurance applies. We have the right and duty to defend the insured against a suit seeking "damages" which may be covered under the Commercial Liability Coverage. However, we have no duty to defend the insured against a suit seeking damages arising out of "property damage" to which this policy does not apply.
>
> d.  This insurance applies only "property damage":
>
>     1.  caused by an "occurrence" …;
>     2.  which occurs during the policy period;
>     3.  which is not a continuation of, resumption of, or change in …"property damage" that was known by a "designated insured" prior to the inception date of the policy period…

The Policy contains exclusions to coverage which, in pertinent part, state:

> 2.  Exclusions
>
> d.  We do not pay for "bodily injury" or "property damage";
>
>     (1)  which is expected by, directed by, or intended by the "insured"; or
>
>     (2)  that is the result of intentional and malicious acts of the "insured".
>
> m.  We do not pay for "property damage" to property owned by, occupied by, or rented to "you" including any cost or expense incurred by "you" or another person or organization to repair, retrofit, replace or maintain such

9

        property for any reason, including for the purpose of avoiding injury to a person or damage to another's property.

    q.    We do not pay for "property damage" to that specific part of real property on which work is being performed by:

        1.    "you";
        2.    a contractor or subcontractor working directly or indirectly on "your" behalf;
        if the "property damage" arises out of such work.

40.    The Policy defines an "occurrence" as "an accident and includes continuous or repeated exposure to similar conditions".

41.    The Policy defines "property damage" to mean:

    a.    physical injury or destruction of tangible property, including loss of use of that property. Loss of use is deemed to occur at the time of the physical injury that caused it;

    b.    the loss of use of tangible property that has not been physically damaged. Loss of use is deemed to occur at the time of the "occurrence" that caused it.

42.    The Policy defines "damages" as "compensation in the form of money for a person who claims to have suffered an injury".

## COUNT I-DECLARATORY JUDGMENT-NO OCCURRENCE

43.    Plaintiff incorporates the averments of Paragraphs 1 through 42 as if fully set forth herein.

44.    The Touraine's allegations of liability directed to the Spruce 1530 Defendants for trespass are not premised on an "occurrence" namely an accident or fortuitous event. Instead, the Touraine's claims are premised on the knowing and intentional acts by the Spruce 1530

10

Defendants and/or its servants, agents or representatives with respect to trespass activity on the roof of the Touraine and the existence of certain building elements which encroach onto the Touraine property which Spruce 1530 has refused to remove despite the Touraine's requests.

45. The physical destruction of the parts of the Touraine roof or work performed by the Touraine's contractor is not alleged to have been the result of an accidental event; rather, it is alleged to have been directed by the principal of Spruce 1530.

46. The Touraine's loss of use of certain segments of the Touraine building by reason of the existence of the encroachment/trespass and Spruce 1530's refusal to cease and desist the continuing trespass, is not an accidental or fortuitous loss within the meaning of an "occurrence" as defined by the Policy. Rather, the Touraine's claimed loss is the result of an ongoing boundary dispute between the Touraine and Spruce 1530 in which Spruce 1530 has averred that each of the building improvements are owned by Spruce 1530, are not on the Touraine's property and/or that the Touraine does not have a cognizable ownership interest in the improvements. A true and correct copy of the Answer and Counterclaim of Spruce 1530 is attached as Exhibit F.

47. The Touraine's allegations with respect to having incurred financial losses by reason of the need to investigate the property boundary or its efforts to prosecute its property interest vis-a-vis Spruce 1530 is an intangible "economic loss" and does not "property damage" as defined by the Policy.

48. Accordingly, Westminster American does not have an obligation to defend or potentially indemnify the Spruce 1530 Defendants for the allegations of liability in the

11

Underlying Action as the claimed damages are not the result of "property damage" caused by an "occurrence".

**WHEREFORE**, Westminster American Insurance Company respectfully requests that judgment be entered in its favor and against the Defendants and further requests that the Court declare that Westminster American Insurance Company is not obligated to defend or indemnify Spruce 1530, LLC, Shapiro or Ernest V. Miller, Sr. in the Underlying Action and such further and other relief that the court deems just and appropriate.

## COUNT II
## DECLARATORY JUDGMENT – INTENDED/EXPECTED INJURY EXCLUSION

49. Plaintiff incorporates the averments of Paragraphs 1 through 48 as if fully set forth herein.

50. The Policy removes liability coverage for "property damage" which is expected by, directed by, or intended by the insured or that is the result of intentional and malicious acts of the insured.

51. It is alleged by the Touraine Plaintiff that the Spruce 1530 Defendants intentionally and maliciously destroyed components of the Touraine roof and the workmanship of the Touraine's contractor in May 2016.

52. It is further averred that the Touraine Plaintiff that this vandalism has the result of potentially voiding the roof warranty supplied by the contractor and creates the risk of water intrusion through the exposed roof.

53. It is further averred that the Touraine incurred costs to remedy the destruction of the roof membrane by completing emergency roof repairs.

54. The damages to the Touraine roof were directed to, intended by or expected by the Spruce 1530 Defendants and are encompassed by the Intended/Expected Injury exclusion.

**WHEREFORE**, Westminster American Insurance Company respectfully requests that judgment be entered in its favor and against the Defendants and further requests that the Court declare that Westminster American Insurance Company is not obligated to defend or indemnify Spruce 1530, LLC, Shapiro or Ernest V. Miller, Sr. in the Underlying Action and such further and other relief that the court deems just and appropriate.

## COUNT III
## DECLARATORY JUDGMENT – OWNED PROPERTY EXCLUSION

55. Plaintiff incorporates the averments of paragraphs 1 through 54 as if fully set forth herein.

56. To the extent that the Plaintiff seeks injunctive relief to compel Spruce 1530 to remove the encroachments, the Policy does not confer liability coverage for the cost of complying with a demand for injunctive relief because said costs do not constitute "damages" on account of "property damage" sustained by the Touraine for which the insured is legally obligated to pay and, alternatively, the Policy does not cover the "cost or expense incurred to repair, retrofit, replace or maintain the insured's property, including for the purpose of avoiding injury to a person or damage to another's property".

57. Accordingly, Westminster is not obligated to defend or indemnify the Spruce 1530 Defendants for the claims injunctive relief to order the removal of the encroachments or the cost of complying with such injunctive relief.

**WHEREFORE**, Westminster American Insurance Company respectfully requests that judgment be entered in its favor and against the Defendants and that the court tis sue a declaration that Westminster American Insurance company is not obligated to defend or indemnify Spruce 1530, LLC, Touraine, L.P., Al Shapiro and Ernest V. Miller, Sr. in the Underlying Action.

## COUNT IV
## DECLARATORY JUDGMENT – NO COVERAGE FOR PUNITIVE DAMAGES

58. Plaintiff incorporates the averments of paragraphs 1 through 57 as if fully set forth herein.

59. The Plaintiff seeks recovery of punitive damages by reason of the alleged trespass activities. Claims for punitive damages do not constitute "damages" as defined under the Policy".

60. In the alternative, punitive damages are uninsurable as a matter of public policy.

**WHEREFORE**, Westminster American Insurance Company respectfully requests that this Court issue an Order declaring that Westminster American Insurance Company is not obligated to indemnify the Spruce 1530 Defendants against any award of punitive damages.

## COUNT V
## DECLARATORY JUDGMENT – REAL PROPERTY EXCLUSION

61. Plaintiff incorporates the averments of paragraphs 1 through 60 as if fully set forth herein.

62. The Policy removes coverage for property damage to that specific part of real property on which work is being performed either by the named insured or contractors working on behalf of the named insured.

63. To the extent that the Touraine alleges that the Spruce 1530 Defendants individually or by and through their contractors caused damage to the Touraine roof as a result of demolition activities, these damages are removed from coverage under the "real property" exclusion.

**WHEREFORE**, Westminster American Insurance Company respectfully requests that judgment be entered in its favor and against the Defendants and further requests that the Court declare that Westminster American Insurance Company is not obligated to defend or indemnify Spruce 1530, LLC, Shapiro or Ernest V. Miller, Sr. in the Underlying Action and such further and other relief that the court deems just and appropriate.

## COUNT VI
## DECLARATORY JUDGMENT

64. Plaintiff incorporates the averments of paragraphs 1 through 63 as if fully set forth herein.

65. Notwithstanding the averments of the Complaint in the Underlying Civil Action, the Spruce 1530 Defendants have asserted that the Touraine's trespass claims are actionable based on theories of negligence.

66. While the Touraine Complaint does not include a negligence claim, if the Touraine Complaint were construed as inclusive of a negligent encroachment claim based on the existence of building elements on the Newport property which encroached on the Touraine, the negligent erection of these encroachments pre-dated the inception of the

Westminster American Insurance Policy coverage. The Westminster American coverage incepted on February 15, 2015.

67. The Touraine does not aver that it sustained any physical damage to the Touraine by reason of the conduct of the Spruce 1530 Defendants.

68. Insofar as the Touraine avers that it has sustained a "loss of use" of part of its property by reason of the existence of the encroachments, the Westminster Policy provides that a "loss of use" unaccompanied by physical damage, is deemed to have occurred at the time of the "occurrence" that caused such "loss of use".

69. The erection of certain of the building improvements on the Newport which constitute an encroachment as identified by the Touraine were completed prior to the inception of the Westminster American coverage.

70. Even if the Touraine Complaint were construed as encompassing a negligence based claim, this claim does not trigger coverage under the Westminster Policy because the "occurrence" pre-dated the inception of the Westminster American Insurance Policy.

71. The date on which the Touraine or the Spruce 1530 ascertained that the encroachments exist is not determinative of the applicable policy term where the Policy deems the date of "property damage" consisting of a loss of use of tangible property (not physically damaged), as the date on which the "occurrence" caused such loss of use. Therefore, if negligent construction of the encroachments were the basis of liability instead of an ongoing trespass, the "occurrence" did not take place during the Westminster policy term.

**WHEREFORE**, Westminster American Insurance Company respectfully requests that judgment be entered in its favor and against the Defendants and further requests that the

Court declare that Westminster American Insurance Company is not obligated to defend or indemnify Spruce 1530, LLC, Shapiro or Ernest V. Miller, Sr. in the Underlying Action and such further and other relief that the court deems just and appropriate.

SWARTZ CAMPBELL LLC

_____
William T. Salzer
Attorneys for Plaintiff
Westminster American Insurance Company
