## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**SWARTZ CAMPBELL LLC**
BY:   William T. Salzer, Esquire          Attorneys for Plaintiff
          Identification No. 42657
Two Liberty Place · 28th Floor
50 South 16th Street
Philadelphia, PA 19102
(215) 564-5190
wsalzer@swartzcampbell.com

| | |
|---|---|
| WESTMINSTER AMERICAN INSURANCE COMPANY, | CIVIL ACTION |
| Plaintiff, | NO. 17-5226 |
| vs. | |
| SPRUCE 1530, LLC, AL SHAPIRO AND ERNEST V. MILLER, SR., | |
| Defendants. | |

## AMENDED DECLARATORY JUDGMENT COMPLAINT

Westminster American Insurance Company, by and through its undersigned counsel, and pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, *et seq.* institutes this action for declaratory judgment. In support of this civil action, Westminster avers, as follows:

### I.      PARTIES

1.      Plaintiff, Westminster America Insurance Company ("Westminster") is incorporated in the State of Maryland with a principal place of business located at 8890 McDonough Road, Suite 310, Owings Mills, Maryland 21117.

2.      Defendant, Spruce 1530, LLC ("Spruce 1530") is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 909 Centennial Road, Narberth, Pennsylvania 19072.

3.      Defendant Al Shapiro ("Shapiro") is an individual who, upon information and belief, is a resident of the Commonwealth of Pennsylvania and who maintains a business address at 909 Centennial Road, Narberth, Pennsylvania 19072.

4.      Defendant, Ernest B. Miller, Sr. ("Miller") is, upon information and belief, an individual residing at 1530 Spruce Street, Unit #120, and Philadelphia, Pennsylvania 19102.

## II.      JURISDICTION AND VENUE

5.      This action is brought under the Declaratory Judgments Act, 28 U.S.C. § 2201.

6.      This court has jurisdiction over the Plaintiff's claim pursuant to diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy is over $75,000.00 and the lawsuit involves citizens of different states.

7.      Venue in this court is appropriate pursuant to 28 U.S.C. § 1391 as the policy of insurance which is the subject matter of this lawsuit was issued to the policyholder Defendant Spruce 1530, LLC in Montgomery County, Pennsylvania and the underlying litigation to which the declaratory judgment action relates is pending in Philadelphia County, Pennsylvania.

## III.      UNDERLYING CIVIL ACTION

8.      The Westminster policyholder, Spruce 1530, LLC is a defendant in a civil action brought by Touraine, L.P. in the Court of Common Pleas of Philadelphia County, Docket No.

2

170603522. A true and correct copy of the Complaint filed by Touraine, L.P. against Spruce 1530, LLC and others is attached hereto as Exhibit "A" ("the Underlying Complaint").

9.      The Touraine, L.P. is the owner of a building located at 1520-28 Spruce Street in Philadelphia which is immediately adjacent to a building owned by Spruce 1530 called the Newport Building. Touraine Complaint, ¶¶ 1-2.

10.     As described in the Complaint in the Underlying Action, Touraine alleges that on May 11, 2016, Spruce 1530, LLC, Shapiro and Miller (collectively "the Spruce 1530 Defendants") and a contractor hired by Spruce 1530, Up Rising Contractors, LLC, performed unauthorized demolition and alternations to a part of a one-story roof situated on the Touraine and removed flashing materials installed by the Touraine on windows overlooking the Touraine roof.   It is further alleged that Spruce 1530 has refused to remove building elements of the Newport which encroach onto the Touraine property.

11.     The Touraine and Spruce 1530 were parties to prior litigation over a property line dispute (referred to herein as "Touraine I") which led to the issuance of a December 14, 2016 court order in which the Honorable Gene D. Cohen of the Court of Common Pleas of Philadelphia County held and declared that the property line separating the Touraine from the Newport bisected the eastern wall of the Newport building and ran in a north/south direction parallel to 16th Street and perpendicular to Spruce Street. Complaint, ¶¶ 22-24. A true and correct copy of said Order is attached as Exhibit "B".

12.     The Touraine has alleged that the court's ruling declared that the property line is as set forth in a survey prepared on November 3, 2015 by Mazer Consulting, P.A. Complaint ¶¶ 22-26.   The Touraine avers that by reason of the court's Order, all

3

improvements located to the east of the property line are situated on the Touraine's property. Id. at ¶26.

13.     The Touraine alleges that in the Spring of 2015, it replaced a roof which abuts the overlooking west wall of the Newport. including a section below exterior facing windows situated on the east face of the Newport ("the Property Line Windows"). Complaint, ¶¶ 30-32.

14.     Touraine avers that because of the positioning of the Property Line Windows so close to the roof, it was necessary to install flashing which covered part of the windows. It alleges that it had contacted Spruce 1530 and had offered to relocate the Property Line Windows at its expenses to slightly above their existing location to allow for space to install the flashing. Complaint, ¶ 38. Touraine alleged that Spruce 1530, through its managing member, Shapiro, refused. The Touraine alleges that it told Shapiro that the Touraine would have to cover up and seal the windows as part of the roof repairs. Complaint, ¶40.

15.     Touraine avers that it secured a permit to perform the roof repair work and posted the permit.  It further alleges that Spruce 1530 did not challenge the roof repair permit. Id. at ¶53.

16.     Touraine alleges that the Spruce 1530 Defendants, on May 11, 2016, after the roof work was completed, "orchestrated an intentional trespass onto the recently replaced Touraine roof and demolished part of its contractor's work including cutting holes through the waterproofing and flashing material that had been installed in front of the Property Line Windows." Id. at ¶57.

17.     Touraine avers that it demanded that the Spruce 1530 Defendants cease and desist the unlawful trespass and vandalism but that these requests were ignored. Id. at ¶59.

4

18.     The Touraine avers that this caused a destruction of the fully integrated and waterproofed roofing system that had been installed on the Touraine roof and exposed part of the building to an immediate risk of water intrusion.  Id. at ¶63.

19.     Touraine avers that it then made emergency repairs to install a temporary moisture barrier.

20.     Touraine avers that because of the trespass, it had incurred additional expenses to install a metal fence and signage to deter the Spruce 1530 Defendants from further acts of trespass and vandalism.  Id. at ¶66.

21.     Touraine alleges that after the issuance of the court order which declared the location of the property boundary, the Mazur consultant performed an additional survey in May 2017 which included scribing the property line on the walls and floors of the eastern section of the ground floor of the Newport.  Id. at ¶69.

22.     Following the completion of that survey, Mazur determined that the building elements of the Newport encroach onto the Touraine property.  It is alleged that these encroachments constitute a trespass.  Id. at ¶70.  These areas of encroachment include a section of interior bathrooms in Apartment 124; an interior stair tower; exterior skylights above Apartment 124; an exterior fire escape assembly affixed to the eastern wall of the Newport; a down spout and storm drain; and a portion of the Newport basement.  Id. at ¶71.

23.     Plaintiff avers that Spruce 1530 has intentionally trespassed on the Touraine property by reason of the encroachments.  Id. at ¶73.

24.     In Count I of the Underlying Complaint, the Touraine avers a claim of trespass based on the destruction of part of the Touraine roof for which the Touraine seeks recovery of

compensatory, consequential, incidental and punitive damages. It is alleged that Shapiro and the contractor directed the contractor's employee, Cunningham, and Spruce 1530's employee, Miller, to go on the Touraine's roof, cuts holes in the metal siding and vandalize the property. Id. at ¶79. The Touraine alleges that the Spruce 1530 Defendants did not have permission to enter the property or to commit the damage. Id. at ¶80. It is alleged that Cunningham knew or should have known that they did not have permission to enter the Touraine property. Id. at ¶83.

25.     The Touraine avers that that it has sustained damages by reason of these actions including the cost to repair the siding and flashing installed by its contractor, the loss of value of a roof warranty supplied by the contractor, and the cost to secure the property from further acts of trespass and vandalism. Id. at ¶85.

26.     With respect to each of the Newport building encroachments, the Touraine has averred that it had previously demanded that Spruce 1530 cease all forms of trespass onto its property and that Spruce 1530 has refused to comply. Id. at ¶ 92.

27.     The Touraine avers that the trespass has conferred onto Spruce 1530 an economic benefit for which it has not compensated the Touraine. Id. at ¶90.

28.     The Touraine avers that it is unable to make full use of its property by reason of the encroachments. Id. at ¶93.

29.     Touraine also avers that it has incurred the cost of engaging professionals to identify the encroachments, to seek legal relief, to eject Spruce 1530 from the Touraine property and to enjoin Spruce 1530 from misappropriating sections of the Touraine property which are the subject of the encroachments. Id.

6

30.    In the Underlying Action, the Touraine seeks an injunction that Spruce 1530 cease the trespass; that the Court order Spruce 1530 to remove the construction materials which comprise each encroachment and that it pay to the Touraine compensatory, consequential, incidental or other forms of damages sustained as a result of the unlawful misappropriation and improper use of the property including costs and professional fees.

31.    The Touraine further requests the court to issue an order to Quiet Title with respect to the Property Line and to issue a declaratory judgment with respect to the Touraine's exclusive fee simple ownership of the subject property. The Touraine seeks the issuance of a court order that Spruce 1530 be barred from asserting any property rights with regard to these encroachments and that the Philadelphia County Recorder of Deeds record such instruments to reflect the Touraine's exclusive ownership interest.

32.    The Touraine Complaint in the Underlying Civil Action does not include any claims of negligence. The Touraine does not aver that the Spruce 1530 Defendants are liable for having negligently constructed building improvements which encroach on the Touraine's property or for a negligent failure to ascertain the property line. Rather, the Touraine avers only that it did not give Spruce 1530 permission for the trespass and that it has not been compensated by the Touraine's unlawful trespass and misappropriation.

33.    In its Counterclaim, Spruce 1530 has sought a declaratory judgment that the identified encroachments are subject to Spruce 1530's ownership by reason of the doctrine of adverse possession or boundary by consent.

34.    The Spruce 1530 Defendants have averred in their Answer and Counterclaim that all improvements of the Newport are situated on the Newport's property and not on the

7

Touraine.  Alternative, the Spruce 1530 Defendants have averred that the identified encroachments are on property owned by Spruce 1530 under the doctrines of adverse possession or boundary by consent.

35.    In Touraine I, Spruce 1530 instituted an action to quiet title with respect to respect to two alcoves which were the result of construction in October 1987 that gave the Newport access to certain interior areas previously situated in the Touraine.  Complaint, Spruce 1530 LLC v. Touraine, LP, Exhibit "C".

36.    Touraine averred in its Counterclaim in Touraine I, a cause of action to Quiet Title and a request for issuance of a permanent injunction with respect to the disputed areas; a claim of trespass and a negligence claim.  As to the latter, the Touraine averred that Spruce 1530 had a duty to prevent an encroachment and was negligent in allowing construction in the alcoves to protrude over the property line.  Touraine also alleged that Newport 1530 was negligent by failing to install a code compliant fire wall in the area of the alcove construction, thereby creating a safety hazard.

IV.    **The Westminster America Insurance Policy**

37.    Westminster America Insurance Company issued Policy No. BOP 5910031032 to ELS Associates covering the period February 15, 2016 through February 15, 2017.  Spruce 1530, LLC is s a Named Insured.  A true and correct copy of the Westminster Declarations and pertinent policy forms are attached as Exhibit "D".  Westminster insured Spruce 1530 LLC for the prior policy term February 15, 2015-February 15, 2016.

8

38.     Coverage under the Westminster Policy was conferred under Businessowners Special Policy Form AAIS BP 0200 01 04.  A true and correct copy of the operative Businessowners Special Policy Form is attached as Exhibit "E".

39.     The Westminster Policy confers Commercial General Liability coverage under Coverage L which states, in pertinent part, as follows:

> a.     We pay all sums which an insured becomes legally obligated to pay as "damages" due to "property damage" to which this insurance applies. We have the right and duty to defend the insured against a suit seeking "damages" which may be covered under the Commercial Liability Coverage. However, we have no duty to defend the insured against a suit seeking damages arising out of "property damage" to which this policy does not apply.
>
> d.     This insurance applies only "property damage":
>
>> 1.    caused by an "occurrence" ...;
>> 2.    which occurs during the policy period;
>> 3.    which is not a continuation of, resumption of, or change in ..."property damage" that was known by a "designated insured" prior to the inception date of the policy period...

The Policy contains exclusions to coverage which, in pertinent part, state:

> 2.    Exclusions
>
> d.     We do not pay for "bodily injury" or "property damage";
>
>> (1)   which is expected by, directed by, or intended by the "insured"; or
>>
>> (2)   that is the result of intentional and malicious acts of the "insured".
>
> m.     We do not pay for "property damage" to property owned by, occupied by, or rented to "you" including any cost or expense incurred by "you" or another person or organization to repair, retrofit, replace or maintain such

property for any reason, including for the purpose of avoiding injury to a person or damage to another's property.

q.   We do not pay for "property damage" to that specific part of real property on which work is being performed by:

1.   "you";
2.   a contractor or subcontractor working directly or indirectly on "your" behalf;
if the "property damage" arises out of such work.

40.   The Policy defines an "occurrence" as "an accident and includes continuous or repeated exposure to similar conditions".

41.   The Policy defines "property damage" to mean:

a.   physical injury or destruction of tangible property, including loss of use of that property. Loss of use is deemed to occur at the time of the physical injury that caused it;

b.   the loss of use of tangible property that has not been physically damaged. Loss of use is deemed to occur at the time of the "occurrence" that caused it.

42.   The Policy defines "damages" as "compensation in the form of money for a person who claims to have suffered an injury".

## COUNT I-DECLARATORY JUDGMENT-NO OCCURRENCE

43.   Plaintiff incorporates the averments of Paragraphs 1 through 42 as if fully set forth herein.

44.   The Touraine's allegations of liability directed to the Spruce 1530 Defendants for trespass are not premised on an "occurrence" namely an accident or fortuitous event. Instead, the Touraine's claims are premised on the knowing and intentional acts by the Spruce 1530

Defendants and/or its servants, agents or representatives with respect to trespass activity on the roof of the Touraine and the existence of certain building elements which encroach onto the Touraine property which Spruce 1530 has refused to remove despite the Touraine's requests.

45.   The physical destruction of the parts of the Touraine roof or work performed by the Touraine's contractor is not alleged to have been the result of an accidental event; rather, it is alleged to have been directed by the principal of Spruce 1530.

46.   The Touraine's loss of use of certain segments of the Touraine building by reason of the existence of the encroachment/trespass and Spruce 1530's refusal to cease and desist the continuing trespass, is not an accidental or fortuitous loss within the meaning of an "occurrence" as defined by the Policy.  Rather, the Touraine's claimed loss is the result of an ongoing boundary dispute between the Touraine and Spruce 1530 in which Spruce 1530 has averred that each of the building improvements are owned by Spruce 1530, are not on the Touraine's property and/or that the Touraine does not have a cognizable ownership interest in the improvements. A true and correct copy of the Answer and Counterclaim of Spruce 1530 is attached as Exhibit F.

47.   The Touraine's allegations with respect to having incurred financial losses by reason of the need to investigate the property boundary or its efforts to prosecute its property interest vis-a-vis Spruce 1530 is an intangible "economic loss" and does not "property damage" as defined by the Policy.

48.   Accordingly, Westminster American does not have an obligation to defend or potentially indemnify the Spruce 1530 Defendants for the allegations of liability in the

Underlying Action as the claimed damages are not the result of "property damage" caused by an "occurrence".

**WHEREFORE**, Westminster American Insurance Company respectfully requests that judgment be entered in its favor and against the Defendants and further requests that the Court declare that Westminster American Insurance Company is not obligated to defend or indemnify Spruce 1530, LLC, Shapiro or Ernest V. Miller, Sr. in the Underlying Action and such further and other relief that the court deems just and appropriate.

<u>COUNT II</u>
## DECLARATORY JUDGMENT – INTENDED/EXPECTED INJURY EXCLUSION

49.     Plaintiff incorporates the averments of Paragraphs 1 through 48 as if fully set forth herein.

50.     The Policy removes liability coverage for "property damage" which is expected by, directed by, or intended by the insured or that is the result of intentional and malicious acts of the insured.

51.     It is alleged by the Touraine Plaintiff that the Spruce 1530 Defendants intentionally and maliciously destroyed components of the Touraine roof and the workmanship of the Touraine's contractor in May 2016.

52.     It is further averred that the Touraine Plaintiff that this vandalism has the result of potentially voiding the roof warranty supplied by the contractor and creates the risk of water intrusion through the exposed roof.

53.     It is further averred that the Touraine incurred costs to remedy the destruction of the roof membrane by completing emergency roof repairs.

54.    The damages to the Touraine roof were directed to, intended by or expected by the Spruce 1530 Defendants and are encompassed by the Intended/Expected Injury exclusion.

**WHEREFORE**, Westminster American Insurance Company respectfully requests that judgment be entered in its favor and against the Defendants and further requests that the Court declare that Westminster American Insurance Company is not obligated to defend or indemnify Spruce 1530, LLC, Shapiro or Ernest V. Miller, Sr. in the Underlying Action and such further and other relief that the court deems just and appropriate.

## COUNT III
## DECLARATORY JUDGMENT – OWNED PROPERTY EXCLUSION

55.    Plaintiff incorporates the averments of paragraphs 1 through 54 as if fully set forth herein.

56.    To the extent that the Plaintiff seeks injunctive relief to compel Spruce 1530 to remove the encroachments, the Policy does not confer liability coverage for the cost of complying with a demand for injunctive relief because said costs do not constitute "damages" on account of "property damage" sustained by the Touraine for which the insured is legally obligated to pay and, alternatively, the Policy does not cover the "cost or expense incurred to repair, retrofit, replace or maintain the insured's property, including for the purpose of avoiding injury to a person or damage to another's property".

57.    Accordingly, Westminster is not obligated to defend or indemnify the Spruce 1530 Defendants for the claims injunctive relief to order the removal of the encroachments or the cost of complying with such injunctive relief.

13

**WHEREFORE**, Westminster American Insurance Company respectfully requests that judgment be entered in its favor and against the Defendants and that the court tis sue a declaration that Westminster American Insurance company is not obligated to defend or indemnify Spruce 1530, LLC, Touraine, L.P., Al Shapiro and Ernest V. Miller, Sr. in the Underlying Action.

## COUNT IV
## DECLARATORY JUDGMENT – NO COVERAGE FOR PUNITIVE DAMAGES

58.   Plaintiff incorporates the averments of paragraphs 1 through 57 as if fully set forth herein.

59.   The Plaintiff seeks recovery of punitive damages by reason of the alleged trespass activities.  Claims for punitive damages do not constitute "damages" as defined under the Policy".

60.   In the alternative, punitive damages are uninsurable as a matter of public policy.

**WHEREFORE**, Westminster American Insurance Company respectfully requests that this Court issue an Order declaring that Westminster American Insurance Company is not obligated to indemnify the Spruce 1530 Defendants against any award of punitive damages.

## COUNT V
## DECLARATORY JUDGMENT – REAL PROPERTY EXCLUSION

61.   Plaintiff incorporates the averments of paragraphs 1 through 60 as if fully set forth herein.

14

62.     The Policy removes coverage for property damage to that specific part of real property on which work is being performed either by the named insured or contractors working on behalf of the named insured.

63.     To the extent that the Touraine alleges that the Spruce 1530 Defendants individually or by and through their contractors caused damage to the Touraine roof as a result of demolition activities, these damages are removed from coverage under the "real property" exclusion.

WHEREFORE, Westminster American Insurance Company respectfully requests that judgment be entered in its favor and against the Defendants and further requests that the Court declare that Westminster American Insurance Company is not obligated to defend or indemnify Spruce 1530, LLC, Shapiro or Ernest V. Miller, Sr. in the Underlying Action and such further and other relief that the court deems just and appropriate.

## COUNT VI
## DECLARATORY JUDGMENT

64.     Plaintiff incorporates the averments of paragraphs 1 through 63 as if fully set forth herein.

65.     Notwithstanding the averments of the Complaint in the Underlying Civil Action, the Spruce 1530 Defendants have asserted that the Touraine's trespass claims are actionable based on theories of negligence.

66.     While the Touraine Complaint does not include a negligence claim, if the Touraine Complaint were construed as inclusive of a negligent encroachment claim based on the existence of building elements on the Newport property which encroached on the Touraine, the negligent erection of these encroachments pre-dated the inception of the

Westminster American Insurance Policy coverage.  The Westminster American coverage incepted on February 15, 2015.

67.    The Touraine does not aver that it sustained any physical damage to the Touraine by reason of the conduct of the Spruce 1530 Defendants.

68.    Insofar as the Touraine avers that it has sustained a "loss of use" of part of its property by reason of the existence of the encroachments, the Westminster Policy provides that a "loss of use" unaccompanied by physical damage, is deemed to have occurred at the time of the "occurrence" that caused such "loss of use".

69.    The erection of certain of the building improvements on the Newport which constitute an encroachment as identified by the Touraine were completed prior to the inception of the Westminster American coverage.

70.    Even if the Touraine Complaint were construed as encompassing a negligence based claim, this claim does not trigger coverage under the Westminster Policy because the "occurrence" pre-dated the inception of the Westminster American Insurance Policy.

71.    The date on which the Touraine or the Spruce 1530 ascertained that the encroachments exist is not determinative of the applicable policy term where the Policy deems the date of "property damage" consisting of a loss of use of tangible property (not physically damaged), as the date on which the "occurrence" caused such loss of use.  Therefore, if negligent construction of the encroachments were the basis of liability instead of an ongoing trespass, the "occurrence" did not take place during the Westminster policy term.

WHEREFORE, Westminster American Insurance Company respectfully requests that judgment be entered in its favor and against the Defendants and further requests that the

16

Court declare that Westminster American Insurance Company is not obligated to defend or indemnify Spruce 1530, LLC, Shapiro or Ernest V. Miller, Sr. in the Underlying Action and such further and other relief that the court deems just and appropriate.

SWARTZ CAMPBELL LLC

_____

William T. Salzer
Attorneys for Plaintiff
Westminster American Insurance Company

17